## COMMONWEALTH *v.* JOHN FORD.

An indictment, which avers that the defendant " in and upon the body of J. S., deceased, in the peace of the Commonwealth then and there being, did make an assault, and him the said J. S. did strike divers grievous and dangerous blows upon the head of him the said J. S., whereby the said J. S. was cruelly and dangerously beaten and wounded and his life greatly endangered," sufficiently shows that the assault was upon a living person. While a teamster was standing by his wagon with a heavy whip in his hand, another person took hold of his horse and turned the horse's head, and, being told by the teamster to let go, did so, and struck the horse on the head with his hand, causing the horse to step back three or four feet, but not otherwise doing any damage. *Held,* that these facts did not show a sufficient provocation to justify the teamster in severely beating the other and knocking him down with the butt of his whip.

ASSAULT AND BATTERY. The indictment averred that the defendant on the 25th of August 1854, at Salem in this county, " in and upon the body of one Richard Pappoon, late of Marblehead in said county of Essex, deceased, in the peace of said commonwealth then and there being, did make an assault, and him the said Richard Pappoon, with a large and heavy whip which the said John Ford then and there in his right hand had and held, did then and there strike divers grievous and dangerous blows upon the head of him the said Richard Pappoon, whereby the said Richard Pappoon was then and there cruelly and dangerously beaten and wounded and his life greatly endangered."

At the trial in the court of common pleas, before *Perkins,* J., the defendant contended that no assault could be committed on a dead body ; that the indictment charged an assault and battery upon the body of a person deceased at the time of the assault; and that under it evidence of an assault upon a living person was inadmissible. But the judge ruled that the indictment sufficiently set forth an assault upon the body of a living person, and would be sustained by proof of an assault on Richard Pappoon, being then alive.

The evidence showed that the defendant, near the Eastern Railroad station in Salem, intentionally assaulted Pappoon, being then alive, and struck him with the butt end of a team-

ster's heavy whip, two severe blows, one of which knocked him down, and the other was given as he was offering no resistance, but simply attempting to rise, and each of which severed his scalp; and that he was then taken to a physician, by whom his wounds were dressed. It was agreed that Pappoon lived about one month after the assault, and then committed suicide.

The defendant introduced evidence tending to show that " before the blows were inflicted on Pappoon by the defendant, the defendant had a horse and wagon, with a load of camp furniture upon it, standing by the sidewalk near the Eastern Railroad station; that the defendant was by the side of his horse, with the whip in his hand; that, in consequence of some previous occurrence between Pappoon and the defendant, Pappoon called upon the defendant one or more times to treat Pappoon, or be treated by him, but the defendant declined both; that Pappoon took hold of the bridle of the defendant's horse, and pulled his head round towards the sidewalk, but not otherwise moving the horse; that the defendant told Pappoon to let go the horse, and Pappoon immediately did let go, and then struck the horse on his head with his hand, which caused the horse to step back three or four feet, but not otherwise doing any damage; that thereupon the defendant stepped round towards Pappoon, and with the butt end of his whip inflicted the blows proved in the case; that Pappoon was of a strong muscular frame, and that he was at the time of the assault complained of somewhat excited by liquor."

The defendant contended that he was justified or excused in what he did by the acts of Pappoon. But the judge instructed the jury " that if they were satisfied of all the facts which the government's evidence tended to prove, then the facts which the defendant's evidence tended to prove would not excuse or jus-tify the defendant (if they were made out) so as to entitle him to an acquittal; that although it were made out that Pappoon did ask the defendant to treat, did take hold of his horse, and let go, when told to, and did strike the horse on the head and make him step back, as above stated, still the blows, which the govern-ment's evidence tended to show were inflicted, were unreason-

able and wholly disproportionate to the exigency, and could furnish no excuse to the defendant."

The jury found the defendant guilty, and, when rendering their verdict, on being inquired of by the judge at the request of the defendant's counsel, stated that they found that Pappoon's life was greatly endangered by the acts of the defendant, alleged in the indictment. The defendant excepted to the rulings of the judge.

*S. H. Phillips & J. A. Gillis,* for the defendant. 1. Only a living person can be the object of an assault, or an assault and battery. 1 Russell on Crimes, (7th Amer. ed.) 750. Archb. Crim. Pl. (5th Amer. ed.) 442. *Hays* v. *People,* 1 Hill (N. Y.) 351. This indictment alleges the assault to have been made " in and upon the body of one Richard Pappoon, deceased;" and alleges that the life of such deceased person was thereby greatly endangered. It is therefore fatally defective.

2. The defendant would have been justified in defending his horse from the violence of Pappoon, if he used no more force than was necessary. Bac. Ab. Assault & Battery, C. Com. Dig. Battery, A. *Commonwealth* v. *Kennard,* 8 Pick. 133. Whether or not more force was used than was necessary was a question of fact for the jury; and should have been left to them, with instructions as to what would, and what would not, in law, constitute a justification. *Commonwealth* v. *Goodwin,* 3 Cush. 158. *Commonwealth* v. *Clark,* 2 Met. 23. *Imason* v. *Cope,* 5 Car. & P. 193. *Regina* v. *Mabel,* 9 Car. & P. 474.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. It is impossible to read the whole of this indictment without understanding that it charges an assault and battery upon the living body of Pappoon. It alleges that he was dangerously wounded, and that his life was thereby endangered. The word " deceased," which is applied to him, must therefore mean that he was dead when the indictment was found. The manifest charge against the defendant is, that on the 25th of August 1854, he committed a battery upon the body of Richard Pappoon, who has since deceased.

The evidence which was given of the provocation received by

the defendant did not show a justification of the battery which the jury found that he inflicted. The instructions to the jury on this point were right and sufficient. There does not appear to have been any conflicting testimony; and the jury had only to decide whether the testimony was entitled to their belief.

*Exceptions overruled.*